UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY and MATTHIEU AIKINS,<br><br>                                        Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE and UNITED STATES DEPARTMENT OF STATE,<br><br>                                        Defendants. | **COMPLAINT** |

Plaintiffs THE NEW YORK TIMES COMPANY and MATTHIEU AIKINS, by and through their undersigned counsel, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records in response to FOIA requests properly made by Plaintiffs The New York Times Company and Matthieu Aikins (jointly, "The Times") to these constituent bodies of the Department of Defense ("DOD"): United States Army Criminal Investigation Division ("USACID"), U.S. Army Counterintelligence Command ("USACIC"), U.S. Army Office of the Provost Marshal General ("OPMG"), U.S. Army Human Resources Command ("HRC"), and U.S. Central Command ("CENTCOM"). The Times seeks the same relief on the same basis in respect to the U.S. Department of State ("DOS").

**PARTIES**

2. Plaintiff The New York Times Company publishes *The New York Times* newspaper, *The New York Times Magazine*, and www.nytimes.com. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

1

3. Plaintiff Matthieu Aikins is a contributing writer for *The New York Times Magazine*.

4. Defendants are agencies of the federal government that have possession and control of the records that Plaintiffs seek.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on Plaintiffs' place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. FOIA requires that agencies respond to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A).

8. Plaintiffs have exhausted all administrative remedies available pursuant to 5 U.S.C. § 552(a)(6)(C).

**FACTUAL BACKGROUND**

War Crimes Allegations in Afghanistan

9. Between fall 2012 and March 2013, a unit of U.S. Army Special Forces, Operational Detachment Alpha ("ODA") 3124, was deployed to Nerkh District, Wardak Province in Afghanistan.

10. During ODA 3124's deployment, Afghan locals alleged that members of the Special Forces had committed war crimes against local residents. *See* Matthieu Aikins, *The A-Team Killings*, Rolling Stone (Nov. 6, 2013), https://www.rollingstone.com/interactive/feature-a-team-killings-afghanistan-special-forces/.

11. In February 2013, the Afghan government ordered all U.S. Special Forces to leave the province due to the allegations. *See* Kate Clark, *The Nerkh Killings: The problem with 'immunity' for US soldiers*, Afghanistan Analysts Network (Nov. 14, 2013), https://www.afghanistan-analysts.org/en/reports/rights-freedom/the-nerkh-killings-the-problem-with-immunity-for-us-soldiers/.

12. The U.S. Special Forces left Afghanistan by April 2013, after which point Afghan locals began finding bodies buried outside the former U.S. military base in Nerkh Province. *Id*. By June 4, 2013, the bodies of 10 Afghan men who had been arrested by ODA3124 were allegedly found near the base. *See* Aikins, *supra*.

13. The U.S. military conducted three separate investigations into the allegations. All three cleared the unit of wrongdoing, according to statements by U.S. military officials.

14. But on July 17, 2013, the USACID opened a criminal investigation into the alleged killings after the military received new information from the United Nations and the International Committee of the Red Cross. *See* Rod Nordland, *U.S. Army Reopens Criminal Inquiry Into Afghan Civilians' Deaths*, N.Y. Times (Aug. 24, 2015), https://www.nytimes.com/2015/08/25/world/asia/us-army-reopens-criminal-inquiry-into-afghan-civilians-deaths.html.

15. Since 2014, The Times has submitted numerous records requests related to this subject, seeking information related to the military's investigations, the operations of ODA 3124 during the period in question, and detainee records of individuals who have made allegations against ODA 3124. Nine of Plaintiffs' FOIA requests are at issue in this lawsuit.

FOIA Request #1

16. Aikins submitted a FOIA request to DOS on January 2, 2014 seeking documents related to allegations of war crimes and other illegal or improper conduct by members of U.S. special operations forces between 2012 and 2013. (Request No. 2014-93.)

17. On January 24, 2014, Aikins received confirmation that the DOS received the FOIA request.

18. On May 26, 2017, Aikins emailed DOS for a status update on the records request.

19. DOS responded on the same day, stating that the estimated completion date for processing the request was August 31, 2017.

20. DOS did not contact Aikins for three and a half years.

21. On January 31, 2021, Aikins requested a status update on the request.

22. DOS responded on February 2, 2021 stating that it would follow up with Aikins to provide a response.

23. As of the date of this filing, DOS has not since communicated in any way with Aikins.

FOIA Request #2

24. Aikins submitted a FOIA request to CENTCOM on May 27, 2017 seeking records pertaining to a detainee held at Bagram Theater Internment Facility from approximately November 2012 to November 2013. (Request No. 17-0485.)

25. On March 29, 2018, Aikins received correspondence from OPMG stating that CENTCOM had forwarded the request to OPMG. OPMG asked if Aikins would narrow his request.

26. On March 30, 2018, Aikins replied, "[B]ecause the subject of interest is the detainee himself, it's not possible for me to narrow the scope of the request any further."

27. On March 31, 2018, OPMG informed Aikins via email that it was waiting for the review of classified and medical documents to be completed. Aikins acknowledged receipt of the email on April 3, 2018.

28. On June 29, 2018, OPMG emailed Aikins stating that it was still waiting for the review of classified and medical documents to be completed.

29. For a year and a half, from July 2018 to January 2020, Aikins did not receive any correspondence from OPMG.

30. Aikins contacted OPMG on February 1, 2021 seeking a status update on the request. OPMG never sent a response.

31. The Times contacted OPMG again on March 14, 2022 seeking a status update on the request. OPMG responded the same day seeking the request number and a privacy waiver.

32. On March 23, 2022, The Times provided the request number.

33. On March 31, 2022, OPMG sent The Times an email directing it to forward all concerns to a specific FOIA officer in that office.

34. On April 1, 2022, The Times sought a status update and sent OPMG the prior correspondence with the agency's previous FOIA officer.

35. The Times sent a follow-up request for a status update on May 13, 2022 along with the privacy waiver.

36. As of the date of this filing, OPMG has not communicated in any way with The Times since sending its March 31, 2022 email.

FOIA Request #3

37. Aikins submitted a FOIA request to CENTCOM on November 22, 2017 seeking documents related to a DOD mine removal program in Afghanistan. (Request No. 18-0119.)

38. On February 22, 2018, Aikins received confirmation that CENTCOM received the FOIA request. The agency asked whether Aikins could narrow his request.

39. On March 8, 2018, CENTCOM sent a follow-up email suggesting that Aikins "refin[e] the scope" of the records request.

40. Aikins replied on March 28, 2018 with specific search terms, a narrowed time frame, and background information for context.

41. CENTCOM sent an email on August 27, 2019 stating that it was continuing to process Plaintiff's request.

42. Aikins provided CENTCOM with a then-current mailing address on September 3, 2019.

43. Aikins didn't hear from CENTCOM for two and a half years.

44. On March 11, 2022, The Times emailed CENTCOM asking for a status update.

45. On March 14, 2022, The Times conferred with a CENTCOM FOIA officer via phone.

46. Plaintiffs sent CENTCOM an email on March 15, 2022 with suggested search terms. CENTCOM acknowledged receipt of the email the same day.

47. As of the date of this filing, CENTCOM has not communicated in any way with The Times since sending its March 15, 2022 email.

FOIA Request #4

48.     The Times submitted a FOIA request to U.S. Army HR Command on August 30, 2022 seeking documents related to the Bronze and Silver Stars awarded to two servicemembers for actions while deployed with ODA 3124 in Afghanistan in 2012. (Request Nos. FP-22-027302 and FA-22-3828.)

49.     On September 12, 2022, The Times received confirmation that U.S. Army HR Command received the FOIA request.

50.     As of the date of this filing, U.S. Army HR Command has not communicated in any way with The Times since sending its acknowledgment.

FOIA Request #5

51.     The Times submitted a FOIA request to USACID on August 31, 2022 seeking the law enforcement report of its investigation of this case, as well as other related documents. (Request No. FA22-4457.)

52.     On August 31, 2022, The Times received confirmation that the USACID received the FOIA request.

53.     USACID responded on September 14, 2022, but its response did not address all parts of the request. On September 22, 2022, The Times asked for a completed response and USACID provided it the same day.

54.     In USACID's September 22, 2022 letter, the agency stated that it had located a responsive record and that the underlying investigation of the report "ha[d] been closed by our field element," but that the agency nevertheless withheld the report because it "ha[d] not yet been received at this center." The letter also stated that the agency was withholding documents under

various exemptions to FOIA. Finally, USACID stated that it needed additional information to conduct the search.

55. On September 26, 2022, The Times provided the names of specific service members who deployed with ODA 3124 in Afghanistan and who may have been the subjects of CID investigation. USACID acknowledged receipt of the information the same day and stated that it would conduct new searches.

56. On October 5, 2022, The Times and USACID conferred about the agency's response via phone.

57. On October 6, 2022, The Times sent an administrative appeal regarding the request.

58. USACID acknowledged receipt of the appeal on October 12, 2022.

59. As of the date of this filing, USACID has not communicated in any way with The Times since acknowledging the appeal on October 12, 2022.

## FOIA Request #6

60. The Times submitted a FOIA request to CENTCOM on August 31, 2022 seeking various strike reports referring to ODA 3124; bids and tenders for contracting in Nerkh; records of incidents occurring in Nerkh on specified dates; and other related documents. (Request No. 22-0572.)

61. On October 11, 2022, The Times received confirmation that CENTCOM received the FOIA request on September 7, 2022. CENTCOM stated that it had granted The Times's request for a fee waiver.

62. As of the date of this filing, CENTCOM has not communicated in any way with The Times since sending its acknowledgment.

FOIA Request #7

63.     The Times submitted a FOIA request to DOS on August 31, 2022 seeking documents written by a senior civilian representative in Afghanistan from 2012 to 2013 related to allegations of improper conduct or war crimes by U.S. forces in Wardak Province. (Request No. F-2022-12362.)

64.     On September 6, 2022, The Times received confirmation that DOS received the FOIA request.

65.     As of the date of this filing, the DOS has not communicated in any way with The Times since sending its acknowledgment.

FOIA Request #8

66.     The Times submitted a FOIA request and privacy waiver to OPMG on August 31, 2022 seeking records pertaining to a second detainee allegedly detained by ODA 3124.

67.     As of the date of this filing, OPMG still has not acknowledged receipt of the request.

FOIA Request #9

68.     The Times submitted a FOIA request and privacy waiver to USACIC on September 19, 2022 seeking documents pertaining to Matthieu Aikins. (Request No. FP-22-029284.)

69.     On October 12, 2022, USACIC stated that it would be unable to comply with FOIA's 20-day time limit, therefore it was administratively denying The Times's request.

**FIRST CAUSE OF ACTION**

70.     Plaintiff Aikins repeats, realleges, and reincorporates the allegations in the preceding paragraphs as though fully set forth herein.

71. In response to Request No. 1, as set forth above, Defendant DOS is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the Request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

72. Defendant has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Aikins is deemed to have exhausted his administrative remedies under FOIA.

73. Defendant DOS is permitted to withhold records or parts of records only if one of FOIA's enumerated exemptions apply.

74. No exemptions permit the withholding of the records sought by the Request.

75. Accordingly, Aikins is entitled to an order compelling DOS to produce records responsive to the Request.

## SECOND CAUSE OF ACTION

76. Plaintiff Aikins repeats, realleges, and reincorporates the allegations in the preceding paragraphs as though fully set forth herein.

77. In response to Request No. 2, as set forth above, Defendant OPMG is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the Request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

78. Defendant has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Aikins is deemed to have exhausted his administrative remedies under FOIA.

79. Defendant is permitted to withhold records or parts of records only if one of FOIA's enumerated exemptions apply.

80. No exemptions permit the withholding of the records sought by the Request.

81. Accordingly, Aikins is entitled to an order compelling OPMG to produce records responsive to the Request.

## THIRD CAUSE OF ACTION

82. Plaintiff Aikins repeats, realleges, and reincorporates the allegations in the preceding paragraphs as though fully set forth herein.

83. In response to Request No. 3, as set forth above, Defendant CENTCOM is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the Request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

84. Defendant has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiff is deemed to have exhausted his administrative remedies under FOIA.

85. Defendant is permitted to withhold records or parts of records only if one of FOIA's enumerated exemptions apply.

86. No exemptions permit the withholding of the records sought by the Request.

87. Accordingly, Aikins is entitled to an order compelling CENTCOM to produce records responsive to the Request.

## FOURTH CAUSE OF ACTION

88. Plaintiffs repeat, reallege, and reincorporate the allegations in the preceding paragraphs as though fully set forth herein.

89. In response to Request No. 4, as set forth above, Defendant U.S. Army HR Command is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the Request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

90. Defendant has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

91. Defendant is permitted to withhold records or parts of records only if one of FOIA's enumerated exemptions apply.

92. No exemptions permit the withholding of the records sought by the Request.

93. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to the Request.

## **FIFTH CAUSE OF ACTION**

94. Plaintiffs repeat, reallege, and reincorporate the allegations in the preceding paragraphs as though fully set forth herein.

95. In response to Request No. 5, as set forth above, Defendant USACID is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the Request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

96. Defendant has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

97. Defendant is permitted to withhold records or parts of records only if one of FOIA's enumerated exemptions apply.

98. No exemptions permit the withholding of the records sought by the Request.

99. Accordingly, Plaintiffs are entitled to an order compelling USACID to produce records responsive to the Request.

## SIXTH CAUSE OF ACTION

100. Plaintiffs repeat, reallege, and reincorporate the allegations in the preceding paragraphs as though fully set forth herein.

101. In response to Request No. 6, as set forth above, Defendant CENTCOM is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the Request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

102. Defendant has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

103. Defendant is permitted to withhold records or parts of records only if one of FOIA's enumerated exemptions apply.

104. No exemptions permit the withholding of the records sought by the Request.

105. Accordingly, Plaintiffs are entitled to an order compelling CENTCOM to produce records responsive to the Request.

## SEVENTH CAUSE OF ACTION

106. Plaintiffs repeat, reallege, and reincorporate the allegations in the preceding paragraphs as though fully set forth herein.

107. In response to Request No. 7, as set forth above, Defendant DOS is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the Request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

108. Defendant has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

109. Defendant is permitted to withhold records or parts of records only if one of FOIA's enumerated exemptions apply.

110. No exemptions permit the withholding of the records sought by the Request.

111. Accordingly, Plaintiffs are entitled to an order compelling DOS to produce records responsive to the Request.

## EIGHTH CAUSE OF ACTION

112. Plaintiffs repeat, reallege, and reincorporate the allegations in the preceding paragraphs as though fully set forth herein.

113. In response to Request No. 8, as set forth above, Defendant OPMG is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the Request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

114. Defendant has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

115. Defendant is permitted to withhold records or parts of records only if one of FOIA's enumerated exemptions apply.

116. No exemptions permit the withholding of the records sought by the Request.

117. Accordingly, Plaintiffs are entitled to an order compelling OPMG to produce records responsive to the Request.

### NINTH CAUSE OF ACTION

118. Plaintiffs repeat, reallege, and reincorporate the allegations in the preceding paragraphs as though fully set forth herein.

119. In response to Request No. 9, as set forth above, Defendant USACIC is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the Request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

120. Defendant has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

121. Defendant is permitted to withhold records or parts of records only if one of FOIA's enumerated exemptions apply.

122. No exemptions permit the withholding of the records sought by the Request.

123. Accordingly, Plaintiffs are entitled to an order compelling USACIC to produce records responsive to the Request.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

124. Declare that the records sought by the Requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

125. Order Defendants to undertake an adequate search for the requested record and provide the record to Plaintiffs within 20 business days of the Court's order;

126. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

127. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 4, 2022

/s/ David E. McCraw
David E. McCraw
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com

*Counsel for Plaintiffs*