DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:    ALYSSA B. O'GALLAGHER
        LUCAS ISSACHAROFF
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2822/2737
Facsimile: (212) 637-2702
E-mail:  alyssa.o'gallagher@usdoj.gov
        lucas.issacharoff@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

| | |
|---|---|
| THE NEW YORK TIMES COMPANY, MATTHIEU AIKINS,<br><br>Plaintiffs,<br><br>-against-<br><br>U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF STATE,<br><br>Defendants. | 22 Civ. 9448 (ALC)<br><br>**ANSWER** |

-------------------------------------------------------- x

Defendants United States Department of Defense ("DOD") and United States Department

of State ("State Department"; together, "Defendants"), by their attorney, Damian Williams, United

States Attorney for the Southern District of New York, answer the complaint of plaintiffs The New

York Times Company ("NYT") and Matthieu Aikins (together, "Plaintiffs"), dated November 4,

2022, as follows:

1.    Paragraph 1 of the complaint consists of Plaintiffs' characterization of this lawsuit,

to which no response is required.  To the extent a response is required, Defendants deny the

allegations contained in paragraph 1 of the complaint, except admit that Plaintiffs seek relief

pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**PARTIES**[1]

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4.      Defendants deny the allegations contained in paragraph 4 of the complaint, except admit that Defendants State Department and DOD are agencies of the federal government within the meaning of 5 U.S.C. § 552(f).

**JURISDICTION AND VENUE**

5.      Paragraph 5 of the complaint consists of Plaintiffs' legal opinions and conclusions regarding jurisdiction, to which no response is required.  To the extent a response is required, Defendants admit that the Court has subject matter jurisdiction over actions under FOIA.

6.      Paragraph 6 of the complaint consists of Plaintiffs' legal opinions and conclusions regarding venue, to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7.      Paragraph 7 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 7 of the complaint.

---

[1] Headers are reproduced from the complaint for convenience and do not constitute an admission of any of the contents therein.

8.    Paragraph 8 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 8 of the complaint.

## FACTUAL BACKGROUND

### War Crimes Allegations in Afghanistan

9.    Defendants can neither confirm nor deny the deployment of Special Operations Forces.

10.    Paragraph 10 of the complaint consists of Plaintiffs' characterization of the cited news article, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

11.    Paragraph 11 of the complaint consists of Plaintiffs' characterization of the cited news article, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

12.    Paragraph 12 of the complaint consists of Plaintiffs' characterization of the cited news articles, to which Defendants respectfully refer the Court for a complete and accurate statement of their contents.

13.    Paragraph 13 of the complaint consists of Plaintiffs' characterization of news articles, to which Defendants respectfully refer the Court for a complete and accurate statement of their contents.

14.    Paragraph 14 of the complaint consists of Plaintiffs' characterization of the cited news article, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint, except admit that nine of Plaintiffs' FOIA requests are at issue in this lawsuit and respectfully refer the Court to those FOIA requests for a complete and accurate statement of their contents.

FOIA Request #1

16.     Defendant State Department admits that it received a FOIA request from Plaintiff Aikins dated January 2, 2014.    The remainder of paragraph 16 consists of Plaintiffs' characterization of this FOIA request, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

17.     Admit.

18.     Admit.

19.     Admit.

20.     Deny and aver that the State Department emailed Plaintiff Aikins on March 30, 2018.

21.     Admit.

22.     Admit.

23.     Deny and aver that the State Department emailed Plaintiff Aikins on April 25, 2022.

FOIA Request #2

24.     Defendant DOD admits that it received a FOIA request to U.S. Central Command ("CENTCOM") from Plaintiff Aikins dated May 27, 2017.    The remainder of paragraph 24 consists of Plaintiffs' characterization of this FOIA request, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

25.     Admit that the U.S. Army Office of the Provost Marshal General ("OPMG") sent Plaintiff Aikins an email dated March 29, 2018, and respectfully refer the Court to those emails for a complete and accurate statement of their contents.

26.     Admit that Plaintiff Aikins sent OPMG an email dated March 30, 2018, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

27.     Admit that OPMG sent Plaintiff Aikins an email dated March 31, 2018, which he acknowledged receiving on April 3, 2018, and respectfully refer the Court to those emails for a complete and accurate statement of their contents.

28.     Admit that OPMG sent Plaintiff Aikins an email dated June 29, 2018, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint.

31.     Admit that Plaintiff NYT sent OPMG an email dated March 14, 2022, to which OPMG responded on the same day, and respectfully refer the Court to those emails for a complete and accurate statement of their contents.

32.     Admit that Plaintiff NYT sent OPMG an email dated March 23, 2022, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

33.     Admit that OPMG sent Plaintiff NYT an email dated March 31, 2022, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

34.     Admit that Plaintiff NYT sent OPMG an email dated April 1, 2022, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

35.     Admit that Plaintiff NYT sent OPMG an email dated May 13, 2022, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the complaint.

FOIA Request #3

37.     Defendant DOD admits that it received a FOIA request to CENTCOM from Plaintiff Aikins dated November 22, 2017.  The remainder of paragraph 37 consists of Plaintiffs' characterization of this FOIA request, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

38.     Deny and aver that CENTCOM acknowledged the FOIA request by letter dated December 5, 2017.  Further aver that CENTCOM sent Plaintiff Aikins an email dated February 22, 2018, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

39.     Admit that CENTCOM sent Plaintiff Aikins an email dated March 8, 2018, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

40.     Admit that Plaintiff Aikins sent CENTCOM an email dated March 28, 2018, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

41.     Admit that CENTCOM sent Plaintiff Aikins an email dated August 27, 2019, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

42.     Admit.

43.     Admit.

44.     Admit.

45.     Admit.

46.    Admit that Plaintiffs sent CENTCOM an email dated March 15, 2022, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

47.    Admit.

FOIA Request #4

48.    Defendant DOD admits that it received a FOIA request to U.S. Army Human Resources Command from Plaintiff NYT dated August 30, 2022.  The remainder of paragraph 48 consists of Plaintiffs' characterization of this FOIA request, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

49.    Admit.

50.    Deny and aver that on or about September 29, 2022, Defendant DOD provided responsive records to Plaintiff NYT consisting of a letter dated September 29, 2022, which enclosed three pages.  Plaintiff NYT was also provided appeal rights and the right to seek further mediation through the Office of Government Information Services ("OGIS").  To date, Plaintiff NYT has not appealed or sought further mediation and thus has not exhausted all administrative remedies as required by FOIA.

FOIA Request #5

51.    Defendant DOD admits that it received a FOIA request to the U.S. Army Criminal Investigation Division ("USACID") from Plaintiff NYT dated August 31, 2022.  The remainder of paragraph 51 consists of Plaintiffs' characterization of this FOIA request, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

52.    Admit.

53.    Admit that USACID sent Plaintiff NYT an email dated September 14, 2022; that Plaintiff NYT responded to the September 14, 2022 email on September 22, 2022; and that

7

USACID responded to the September 22, 2022 email that same day, and respectfully refer the Court to the email correspondence for a complete and accurate statement of the emails' contents.

54.    Admit that USACID sent Plaintiff NYT a letter dated September 22, 2022, and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

55.    Admit that Plaintiff NYT sent USACID an email dated September 26, 2022, which USACID acknowledged on September 28, 2022, and respectfully refer the Court to those emails for a complete and accurate statement of their contents.

56.    Admit.

57.    Admit that Plaintiff NYT sent an administrative appeal on October 6, 2022, and respectfully refer the Court to that appeal for a complete and accurate statement of its contents.

58.    Admit that USACID acknowledged receipt of the appeal on October 12, 2022, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

59.    Deny and aver the following:  On or about October 25, 2022, Defendant DOD provided Plaintiff NYT with a formal response letter advising it that its appeal was forwarded to the Army Office of the General Counsel.  On or about October 25, 2022, Defendant DOD provided the Army Office of General Counsel with the appeal.  On or about December 13, 2022, the Army Office of General Counsel confirmed receipt of the appeal and that it is in the queue for regular processing.

<u>FOIA Request #6</u>

60.    Defendant DOD admits that it received a FOIA request to CENTCOM from Plaintiff NYT dated August 31, 2022.  The remainder of paragraph 60 consists of Plaintiffs' characterization of this FOIA request, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

61.    Admit.

62.    Admit.

FOIA Request #7

63.    Defendant State Department admits that it received a FOIA request from Plaintiff NYT dated August 31, 2022.    The remainder of paragraph 63 consists of Plaintiffs' characterization of this FOIA request, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

64.    Admit.

65.    Admit.

FOIA Request #8

66.    Defendant DOD denies knowledge or information sufficient to form a belief as to whether Plaintiff NYT submitted a FOIA request and privacy waiver to OPMG on August 31, 2022 seeking records pertaining to a second detainee allegedly detained by ODA 3124 and avers that it never received such a request.

67.    Admit and aver that OPMG never received the request.

FOIA Request #9

68.    Defendant DOD admits that it received a FOIA request and privacy waiver to the U.S. Army Counterintelligence Command ("USACIC") from Plaintiff NYT dated September 19, 2022, and avers the following:  The FOIA request and privacy waiver were received and processed by the Army Intelligence and Security Command ("INSCOM"), not USACIC.  On or about October 6, 2022, Defendant DOD requested a record search from the Army Intelligence and Security Records Repository.  On or about October 11, 2022, the Army Records Processing Division performed several searches for information pertaining to Plaintiff Aikins which met with

9

negative results.  On or about October 7, 2022, Defendant DOD requested a record search from USACIC.

69.    Deny, except admit that on or about October 12, 2022, Defendant DOD sent an initial response to Plaintiff NYT stating it would be unable to comply with FOIA's 20-day time limit and aver the following:  On or about October 12, 2022, Defendant DOD informed Plaintiff NYT of its intent to continue processing the request.  Plaintiff NYT was also provided with notice of its administrative appeal rights and the right to seek further mediation through OGIS.  On or about November 28, 2022, USACIC confirmed that it conducted a search but that no responsive records were found.  On or about December 5, 2022, Defendant DOD provided a final no records response on behalf of the Deputy Chief of Staff, G-2, who is the Denial Authority for Army intelligence investigative and security records.  Plaintiff NYT was also provided with notice of its administrative appeal rights and the right to seek further mediation through OGIS.  To date, Plaintiff NYT has not appealed or sought further mediation and thus has not exhausted all administrative remedies as required by FOIA.

## FIRST CAUSE OF ACTION

70.    Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

71.    Paragraph 71 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 71 of the complaint.

72.    Paragraph 72 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 72 of the complaint.

73.    Paragraph 73 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 73 of the complaint.

74.    Paragraph 74 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 74 of the complaint.

75.    Paragraph 75 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 75 of the complaint.

## SECOND CAUSE OF ACTION

76.    Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

77.    Paragraph 77 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

78.    Paragraph 78 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 78 of the complaint.

79.    Paragraph 79 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

80.    Paragraph 80 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 80 of the complaint.

81.    Paragraph 81 of the complaint consists of Plaintiffs' legal opinions and

conclusions, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief.

### THIRD CAUSE OF ACTION

82.     Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

83.     Paragraph 83 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

84.     Paragraph 84 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 84 of the complaint.

85.     Paragraph 85 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

86.     Paragraph 86 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 86 of the complaint.

87.     Paragraph 87 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief

### FOURTH CAUSE OF ACTION

88.     Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

89.     Paragraph 89 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

90.    Paragraph 90 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 90 of the complaint.

91.    Paragraph 91 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

92.    Paragraph 92 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 92 of the complaint.

93.    Paragraph 93 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief.

**FIFTH CAUSE OF ACTION**

94.    Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

95.    Paragraph 95 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

96.    Paragraph 96 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 96 of the complaint.

97.    Paragraph 97 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

98.    Paragraph 98 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants

deny the allegations contained in paragraph 98 of the complaint.

99.     Paragraph 99 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief.

## SIXTH CAUSE OF ACTION

100.     Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

101.     Paragraph 101 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

102.     Paragraph 102 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 102 of the complaint.

103.     Paragraph 103 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

104.     Paragraph 104 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 104 of the complaint.

105.     Paragraph 105 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief.

## SEVENTH CAUSE OF ACTION

106.     Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

107.    Paragraph 107 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

108.    Paragraph 108 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 108 of the complaint.

109.    Paragraph 109 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

110.    Paragraph 110 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 110 of the complaint.

111.    Paragraph 111 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief.

## EIGHTH CAUSE OF ACTION

112.    Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

113.    Paragraph 113 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 113 of the complaint.

114.    Paragraph 114 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 114 of the complaint.

115.    Paragraph 115 of the complaint consists of Plaintiffs' legal opinions and

conclusions, to which no response is required.

116.    Paragraph 116 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 116 of the complaint.

117.    Paragraph 117 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 117 of the complaint.

## NINTH CAUSE OF ACTION

118.    Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

119.    Paragraph 119 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

120.    Paragraph 120 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 120 of the complaint.

121.    Paragraph 121 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.

122.    Paragraph 122 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 122 of the complaint.

123.    Paragraph 123 of the complaint consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 117 of the complaint.

124.    Paragraphs 124 through 127 of the complaint consist of Plaintiffs' request for relief, to which no response is required.   To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief.

### DEFENSES

#### FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

#### SECOND DEFENSE

The requested records are exempt, in full or in part, from disclosure. *See* 5 U.S.C. § 552(b).

#### THIRD DEFENSE

Defendants have exercised due diligence in processing the FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to complete their processing of the FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

#### FOURTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

#### FIFTH DEFENSE

Defendants reserve the right to amend this answer to assert any other matter that constitutes an avoidance or affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully request that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated:  New York, New York
        January 13, 2022

                                    Respectfully submitted,

                                    DAMIAN WILLIAMS
                                    United States Attorney for the
                                    Southern District of New York

                        By:    */s/ Lucas Issacharoff*
                                    ALYSSA B. O'GALLAGHER
                                    LUCAS ISSACHAROFF
                                    Assistant United States Attorneys
                                    86 Chambers Street, 3rd Floor
                                    New York, New York 10007
                                    Telephone: (212) 637-2822/2737
                                    Facsimile: (212) 637-2702
                                    E-mail:  alyssa.o'gallagher@usdoj.gov
                                            lucas.issacharoff@usdoj.gov